UNITED STATES DISTRICT COURT
DISTRICT OF COLOMBIA

Case: 1:24-mc-00159
Assigned To : Boasberg, James E.
Assign. Date : 12/03/2024
Description: Misc.

IN RE APPLICATION OF USA FOR
2705(b) NONDISCLOSURE ORDER
FOR GRAND JURY SUBPOENA
GJ2022112597019

No. 22-sc-3046

## MOTION TO UNSEAL SUBPOENAS

Now comes interested party Kelsie Kimberlin (Kelsie) and moves this Court to unseal the subpoenas in this case number because the time set for sealing has expired as of November 20, 2024 and continued sealing denies Kelsie of her right to contest the subpoenas. In support of this motion, Kelsie states the following:

1. Kelsie is a popular 25 year old singer who for the past 13 years has used social media to promote her music and entertainment activities. Many of her songs and music videos are about important issues facing the world.

2. On or about November 22, 2022, the Department of Justice issued one or more grand jury subpoenas to social media companies requesting information related to the username "kelsiekimberlin" from "January 1, 2017 to the present." The DOJ sought and received an order to seal the grand jury subpoenas for a period of one year and served the subpoenas. Exhibit A.

3. On or about November 20, 2023, the DOJ sought and received a one-year extension sealing the subpoenas which were all listed in the order as follows:

Subpoena GJ2022112597019 22-sc-3046 11/28/2023

Subpoena GJ2022112597020 22-sc-3047 11/28/2023

Subpoena GJ2022112597021 22-sc-3048 11/28/2023

Subpoena GJ2022112597022 22-sc-3049 11/28/2023

Subpoena GJ2022112597023 22-sc-3050 11/28/2023

Subpoena GJ2022112597028 22-sc-3052 11/28/2023

Subpoena GJ2022112597031 22-sc-3053 11/28/2023

Subpoena GJ2022112597033 22-sc-3054 11/28/2023

Subpoena GJ2022112597035 22-sc-3055 11/28/2023

Subpoena GJ2022112597036 22-sc-3056 11/28/2023

Subpoena GJ2022112597038 22-sc-3058 11/28/2023

Subpoena GJ2022112597038 22-sc-3059 11/28/2023

Subpoena GJ2022112597040 22-sc-3060 11/28/2023

The order is attached hereto as Exhibit A.

4. The time limit for the sealing order expired on November 20, 2024. On November 22, 2024, one of the social media companies, as part of its transparency protocols, released all correspondence, subpoenas, and orders to Kelsie disclosing the existence of the 13 subpoenas.

5. Because the sealing order expired on November 20, 2024, this Court must unseal all the records and subpoenas related to the above 13 subpoenas. The Government does not have the authority to seal records from social media companies indefinitely and cannot use an expired order to do so. These companies all have policies to inform their subscribers about any government requests for information but they might not do so until the sealing order is removed. Kelsie has a right to contest the subpoenas upon the expiration of a sealing order.

6. The fact that one social media company has already disclosed the existence of the subpoenas negates any continued basis for sealing of the subpoenas or their existence. The cat is out of the bag, so to speak. See e.g,, *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former President Trump's Communications with His Attorneys*, 2023 WL 5318267, at * 3 (D.D.C. Aug. 18, 2023) ("[D]isclosure may be permitted where once-protected information has already been disclosed by way of a judicial or other governmental proceeding.").

7. Kelsie has a First Amendment right to use her social media accounts to promote her speech and creative endeavors without interference or harassment from the Department of Justice. When the Government uses its subpoena power to intimidate or burden a social media company to curtail Kelsie's expressive activities, this violates the First Amendment.

8. Kelsie directly or indirectly contacted the Clerk's office and the Department of Justice to request access to the 13 subpoenas but was told that she had to file a motion with this Court to unseal them despite the fact that the one year sealing extension had already expired. For the one year time limit to have any legal force, it must be abided by not ignored by the Clerk and the DOJ.

9. On November 26, 2024, after Kelsie had her father contact the AUSA who issued the subpoenas, the FBI called her father and asked him to appear at the FBI Field Office in Washington, DC. Kelsie is concerned that this may be a form of

intimidation or retaliation simply for her asking why the DOJ is subpoenaing her social media accounts.

10. All of the actions by the DOJ related to the social media accounts of Kelsie, an artist who expresses herself online, are unwarranted, disconcerting, and violate her First Amendment rights to expression and association.

Wherefore, for all the above reasons, Kelsie requests that this Court issue a formal Order unsealing the 13 subpoenas listed above. Kelsie requests a hearing on this motion.

Respectfully submitted

Kelsie Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(240) 676-4334

Certificate of Service

I certify that I mailed a copy of this motion to AUSA Stuart Allen this 27th day of November, 2024 by US Mail.

Kelsie Kimberlin