

# Office of the Attorney General
## Washington, D. C. 20530

July 19, 2021

MEMORANDUM FOR THE DEPUTY ATTORNEY GENERAL
                       THE ASSOCIATE ATTORNEY GENERAL
                       HEADS OF DEPARTMENT COMPONENTS
                       UNITED STATES ATTORNEYS
                       FEDERAL PROSECUTORS

FROM:          THE ATTORNEY GENERAL  *[signed] Merrick Garland*

SUBJECT:     USE OF COMPULSORY PROCESS TO OBTAIN INFORMATION
                 FROM, OR RECORDS OF, MEMBERS OF THE NEWS MEDIA

      Because a free and independent press is vital to the functioning of our democracy, the Department of Justice has long employed procedural protections and a balancing test to restrict the use of compulsory process to obtain information from or records of members of the news media.

      There are, however, shortcomings to any balancing test in this context.  The United States has, of course, an important national interest in protecting national security information against unauthorized disclosure.  But a balancing test may fail to properly weight the important national interest in protecting journalists from compelled disclosure of information revealing their sources, sources they need to apprise the American people of the workings of their government.  To better protect that interest, the Department is now adopting the following policy:

### A. Prohibition on the Use of Compulsory Process

1. The Department of Justice will no longer use compulsory legal process for the purpose of obtaining information from or records of members of the news media acting within the scope of newsgathering activities, as set out below.

2. This new prohibition applies to compulsory legal process issued to reporters directly, to their publishers or employers, and to third-party service providers of any of the foregoing.  It extends to the full range of compulsory process covered by the current regulations, specifically, subpoenas, warrants, court orders issued pursuant to 18 U.S.C. § 2703(d) and § 3123, and civil investigative demands.  Further, it applies regardless of whether the compulsory legal process seeks testimony, physical documents, telephone toll records, metadata, or digital content.

3. As with the current regulations, this prohibition on compulsory process does not apply to obtaining information from or records of a member of the news media who is the subject or target of an investigation when that status is not based on or within the scope of newsgathering activities.

*Ex A*

    a. The prohibition does not apply when a member of the news media is under investigation for a violation of criminal law, such as insider trading. Nor does it apply to a member of the news media who has used criminal methods, such as breaking and entering, to obtain government information.

    b. The prohibition does apply when a member of the news media has, in the course of newsgathering, only possessed or published government information, including classified information. This does not, however, affect the Department's traditional ability to use compulsory legal process to obtain information from or records of, for example, a government employee (rather than a member of the news media) who has unlawfully disclosed government information.

4. As with the current regulations, this prohibition also does not apply:

    a. to an entity or individual who comes within the small category of those to which the protections of the current regulations do not extend, such as an agent of a foreign power or a member of a foreign terrorist organization;

    b. when the member of the news media agrees to provide or consents to the provision of the requested information or records with a subpoena or other form of compulsory process; or when the Department seeks already-published information or records for the purpose of authentication; or

    c. when the use of compulsory legal process is necessary to prevent an imminent risk of death or serious bodily harm, including terrorist acts, kidnappings, specified offenses against a minor (as defined in 34 U.S.C. § 20911(7)), or incapacitation or destruction of critical infrastructure (as defined in 42 U.S.C. § 5195c(e)).

5. In the limited circumstances in which it remains permissible to use compulsory legal process for the purpose of obtaining information from or records of a member of the news media, current exhaustion and component approval requirements continue to apply. Further, as an interim measure while regulations are drafted, additional advance approval must also be obtained from the Deputy Attorney General for any use of compulsory legal process for the purpose of obtaining information from or records of a member of the news media. If there is any uncertainty about the applicability of this memorandum to a particular circumstance, the Deputy Attorney General must be consulted before process is sought.

6. Other issues currently addressed by Department regulations, but not subject to the prohibition of this Part, will be addressed in the review process discussed in Part B.

### B. Regulations and Legislation

1. Because the goal is to protect members of the news media in a manner that will be enduring, I am asking the Deputy Attorney General to undertake a review process to further explain,

develop, and codify the above protections in regulations, after consulting with the relevant internal and external stakeholders.

2. As part of that review, the Deputy Attorney General will examine existing regulations to determine how those regulations should be tightened in the limited circumstances in which it remains permissible to use compulsory legal process for obtaining information from or records of a member of the news media. That review will also determine whether there are additional forms of legal process to which further restrictions should be extended consistent with the intent of this memorandum.

3. Also as part of that review, the Deputy Attorney General will examine the procedures used to safeguard information from or records of members of the news media obtained by compulsory legal process in the limited circumstances in which that remains permissible, as well as such information or records that were previously obtained. That examination will include developing procedures for the appropriate destruction or return of such information or records, as permitted by law.

4. Finally, to ensure that protections regarding the use of compulsory legal process for obtaining information from or records of members of the news media continue in succeeding Administrations, the Department will support congressional legislation to embody protections in law.