UNITED STATES DISTRICT COURT
DISTRICT OF COLOMBIA

IN RE GRAND JURY SUBPEONAS,       Misc. No. 24-mc-159 (JEB)

**INTERESTED PARTY'S REPLY TO GOVERNMENT'S RESPONSE**

Interested party Kelsie Kimberlin ("Kelsie") hereby replies to the Government's Response in Opposition to her Motion to Unseal and Motion For An Order To Show Cause.

1. The Government, in its Response, never addressed the main issue raised in her Motion To Unseal which is that the subpoenas must be unsealed because the sealing time limit expired on November 20, 2024. The reason Pinterest released the information it did to Kelsie was that the sealing date had expired.

2. The Government, although admitting that Pinterest's release to Kelsie disclosed the existence of the 13 subpoenas, asserts that this did not let the "cat out of the bag" because they did not disclose what was turned over to the grand jury as a result of those subpoenas. This is a red herring because Kelsie has not requested to know at this time what information was turned over. All she is asking in the Motion to Unseal is to unseal the subpoenas.

3. The Government asserts, incorrectly, that Kelsie has no right to intervene in this case because the Pinterest subpoena was directed at Pinterest, not her. This is absurd since the subpoena requested personal and account information about Kelsie as well as content, and that information had been provided to Pinterest by Kelsie.


RECEIVED
Mail Room
DEC 30 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

That content was Kelsie's content and Pinterest merely provided the platform to upload that information and content. It is well established in this Circuit that a target of a subpoena for personal information and content has a right to intervene. "Federal courts have frequently permitted third parties to assert their interests in preventing disclosure of material sought in criminal proceedings." *United States v. Hubbard*, 650 F.2d 293, 311 n.67 (D.C. Cir. 1980). Moreover, the D.C. Circuit in *In re Sealed Case*, 237 F.3d 657, 663-665 (D.C. Cir. 2001), held that the subject of a confidential Federal Election Commission (FEC) investigation had a right to intervene in the FEC's subpoena enforcement action against a third-party where the subject had a legally cognizable interest in maintaining the confidentiality of documents that the FEC sought to disclose. The Court noted the similarity between FEC investigations and grand jury proceedings, noting that both are entitled to a strong presumption of secrecy. Id. at 667. In allowing intervention, the Court emphasized the importance of allowing the real party in interest to seek to protect its rights. See id. at 664-665.

Other courts have explicitly applied Rule 24(a) in the grand jury context, see, e.g., *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001); *In re Grand Jury Proceedings, PHE, Inc.*, 640 F. Supp 149, 151-52 (E.D.N.C. 1986) ("the grand jury proceeding is an 'action' in which intervention is allowed if the movant can demonstrate a sufficient interest"). And our Circuit has made it clear that the form of the motion is not dispositive: even if Rule 24 is not available, third parties can

"bring a simple motion to preserve their rights as contemplated in *Hubbard*, 650 F.2d 293 (1980)." *In re Sealed Case*, 237 F.3d at 664.

4. The Government, days after the Inspector General found that the DOJ failed to comply with its Media Policy in other cases, cravenly asserts that it does not need to comply with the policy and that Kelsie has no enforceable right to make it comply. This demonstrates how lawless the AUSA was when issuing the subpoenas. Kelsie has written a letter to the Deputy Attorney General with copies to the Inspector General complaining about the failure of the AUSA to comply with the Media Policy and has asked for an investigation and accountability for that failure. Attached as Exhibit A. Moreover, the Government's assertion does not deprive the Court from holding a hearing, as Kelsie requested, to question the AUSA about his violation of the Media Policy.

5. Kelsie is a journalist as the Government admits in its Response. Therefore, she has a First Amendment right to engage in expressive activity without interference by the Government. The Government cannot use subpoenas, especially secret ones, to snoop on Kelsie's social media activities in order to uncover possible connections to sources, information or data that she uses for her expressive activities. Kelsie is an American-Ukrainian artist and journalist who reports extensively on the war and atrocities committed in Ukraine. She is an accredited journalist in Ukraine and has been issued a press card in Ukraine to travel to the combat zones and to be exempt from the martial law curfew. In October of 2024, she spent a month in Ukraine and a week on the front line collecting information for

stories she will be reporting on. Such accreditation and press cards are very rare and are provided to serious journalists under exceptional circumstances. Yet, the DOJ issued subpoenas to snoop on her social media accounts without complying with its Media Policy. Spying on a journalist in these circumstances could cause a diplomatic scandal which is another important reason why the AUSA should have complied with the DOJ Media Policy and sought permission from the Deputy Attorney General. Moreover, it could chill other journalists from covering the war in Ukraine. However, the Government callously argues in essence that it can do whatever it wants and that the Court can't do anything about its lawlessness. This is outrageous and makes a mockery of the subpoena process and the Court.

6. The Government, when it applies for a subpoena, has an obligation to tell the Court that it is subpoenaing the records of a journalist. This would result in extra scrutiny, questioning by the issuing judge, and likely rejection of the subpoena. However, the Government did not do so in the instant case which makes the initial issuance of the subpoenas defective because the AUSA either misled the judge or deceived the judge. Yet, now the Government is arguing in essence that even though it did not inform the judge that Kelsie was a journalist, the Court has no power to inquire into the issuance of the subpoenas. This is absurd. Courts are not rubber stamps for AUSAs who mislead and deceive them. Indeed, this Court has supervisory power over the grand jury, see *United States v. Calandra*, 414 U.S. 338, 346 n.4 (1974) ("The grand jury is subject to the court's supervision in several respects. In particular, the grand jury must rely on the court to compel production

of books, papers, documents, and the testimony of witnesses, and the court may quash or modify a subpoena on motion if compliance would be unreasonable or oppressive.") (internal quotation and citations omitted), and thus has inherent authority to allow a third party to intervene if the information sought by a subpoena impinges on the third party's legitimate interest. See *In re 6 Grand Jury Proceedings*, 814 F.2d 61, 66-67 (1st Cir. 1987); *In re Grand Jury (Schmidt)*, 619 F.2d 1022, 1026-27 (3d Cir.1980). See also *Gravel v. United States*, 408 U.S. 606, 608-09 (1972) (noting that the district court had granted Senator Gravel's motion to intervene in grand jury proceedings to seek to quash a subpoena directed to one of his aides). Numerous courts have joined this Court in holding that third parties have standing to move to quash a grand jury subpoena in order to protect their First Amendment rights. See *In re First National Bank, Englewood, Colo.*, 701 F.2d 115, 117-118 (10th Cir. 1983) (anti-tax organization had standing to challenge grand jury subpoena directing its bank to produce its records based on claims that the subpoena chilled its rights under the First Amendment); *Int'l Longshoreman's Ass'n v. Waterfront Commission*, 667 F.2d 267, 270-72 (2d Cir. 1981) (union had standing to move to enjoin enforcement of subpoena issued to third party to protect its members' First Amendment rights); *United States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980) (advocacy organization had right to intervene in action to enforce IRS subpoena on ground that production of documents would violate its First Amendment rights). Clearly, Kelsie has the right to seek redress

from this Court and this Court has the jurisdiction and authority to take action where, as here, the DOJ abused the grand jury process.

Wherefore, this Court should consider her motions as Motions to Intervene and reject the arguments made in the Government's Response. The Court should order the unsealing of the 13 subpoenas and hold a hearing as requested to inquire into the improper application and issuance of the subpoenas.

Respectfully submitted,

Kelsie Kimberlin

Certificate of Service

I certify that I mailed a copy of this pleading to AUSA Stuart Allen this 26th day of December 2024 and emailed him a courtesy copy.

Kelsie Kimberlin