

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA**

IN RE GRAND JURY SUBPOENAS     MISC. NO 24-159 (JEB)

### MOTION TO RECONSIDER

Now comes interested party Kelsie Kimberlin and moves this Court to reconsider its January 24, 2024 ruling based on two of President Trump's January 20, 2025 Executive Orders that have a direct bearing on the instant case.

1. Four days before this Court issued its Order denying Kelsie relief, President Trump, because he asserted that he and his supporters had been treated unfairly by the Biden Department of Justice, issued the following Executive Orders:

    - RESTORING FREEDOM OF SPEECH AND ENDING FEDERAL CENSORSHIP [Exhibit A]
    - ENDING THE WEAPONIZATION OF THE FEDERAL GOVERNMENT [Exhibit B]

2. In the freedom of speech order, it states:

    Sec. 2. Policy. It is the policy of the United States to:

    (a) secure the right of the American people to engage in constitutionally protected speech;

    (b) ensure that no Federal Government officer, employee, or agent engages in or facilitates any conduct that would unconstitutionally abridge the free speech of any American citizen;

    (c) ensure that no taxpayer resources are used to engage in or facilitate any conduct that would unconstitutionally abridge the free speech of any American citizen; and

    (d) identify and take appropriate action to correct past misconduct by the Federal Government related to censorship of protected speech.

Sec. 3. Ending Censorship of Protected Speech. (a) No Federal department, agency, entity, officer, employee, or agent may act or use any Federal resources in a manner contrary to section 2 of this order.

3. In the weaponization order, it states:

Section 1. Purpose. The American people have witnessed the previous administration engage in a systematic campaign against its perceived political opponents, weaponizing the legal force of numerous Federal law enforcement agencies and the Intelligence Community against those perceived political opponents in the form of investigations, prosecutions, civil enforcement actions, and other related actions. These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives. Many of these activities appear to be inconsistent with the Constitution and/or the laws of the United States ... and other Americans who were simply exercising constitutionally protected rights.

....

Therefore, this order sets forth a process to ensure accountability for the previous administration's weaponization of the Federal Government against the American people.

Sec. 2. Policy. It is the policy of the United States to identify and take appropriate action to correct past misconduct by the Federal Government related to the weaponization of law enforcement ....

4. Kelsie asserts in her pleadings that she was targeted by the Department of Justice for exercising her First Amendment right to speech.

5. President Trump's *freedom of speech* order makes four points applicable to the instant case: first, that citizens have a right to engage in free speech; second, that no federal employee can engage in *any* conduct that can abridge free speech; third, that no taxpayer resources can be used to abridge free speech; and fourth, that the Department of Justice must "identify and take appropriate action to

correct *past misconduct* by the Federal Government related to censorship of protected speech." (emphasis added) And then in Section 3, it states that no federal agency can "act or use any Federal resources in a manner contrary to section 2 of this order."

6. Literally applying Section 2 of this order to Kelsie's case requires the Court to find that the Department of Justice and FBI engaged in conduct abridging her free speech rights, used federal resources to abridge those rights, and must now take appropriate action to correct *past* misconduct related to the censorship and chilling of Kelsie's speech.

7. And applying Section 3 to Kelsie's case requires the Court to find that the Department of Justice cannot *now* use any resources in a manner contrary to Section 2. This means that the Department of Justice cannot use her case to justify its past abridgements of her First Amendment rights. In fact, it must "identify and take appropriate action to correct past misconduct by the Federal Government related to censorship of protected speech." This is precisely what Kelsie is requesting with the instant action. She is asking to correct past misconduct by the Department of Justice related to their targeting and chilling of her protected speech.

8. The *weaponization order* condemned the targeting of political opponents by enforcement agencies "in the form of investigations, prosecutions, civil enforcement actions, and other related actions. These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or

legitimate governmental objectives...." It ordered the Department of Justice to review all such cases over the previous four years and correct past misconduct where weaponization is apparent.

9. Applying this to Kelsie's case, she has used similar language in her pleadings to correct past misconduct by the Department of Justice which weaponized the power of the federal government to target Kelsie for daring to exercise her free speech rights. President Trump was clearly asserting that the Department of Justice misused the grand jury process which is precisely what Kelsie is saying in the instant case, In fact, on the same day, he pardoned more than 1500 people who were indicted by a grand jury, tried and convicted. *A fortiori* in the instant case where Kelsie is challenging the DOJ using the grand jury to target her First Amendment activities, these Executive Orders take precedence over any policy or rule or case law. As the old saying goes, "what's good for the goose is good for the gander."

Wherefore, Kelsie moves this Court to reconsider its denial. The Court was not aware of the Executive Orders at the time of its order yet they appear to "trump" all the case law and federal rules and statutes relied on by the Court.

Respectfully submitted

Kelsie Kimberlin

## Certificate of Service

I have served a copy of this motion on AUSA Stuart Allen by email and US mail this 2nd day of February, 2025.

Kelsie Kimberlin

8100 Beech Tree Rd

Bethesda, MD 20817